EDGAR R. NIELD, State Bar # 135018
GABRIELLE DE SANTIS NIELD, State Bar # 110930
DANIELLE A. KIELER, State Bar # 292658
NIELD LAW GROUP, APC
681 Encinitas Blvd., Suite 315
Encinitas, CA 92024
Telephone: (760) 942-9880
Facsimile: (760) 942-9882
Email: enield@nieldlaw.com
       gnield@nieldlaw.com
       dkieler@nieldlaw.com

JAMES P. FRANTZ, State Bar # 087492
PHILIP C. AMAN, State Bar # 137831
STEPHANIE M. CALOCA, State Bar # 310285
FRANTZ LAW GROUP APC
402 W. Broadway, Suite 860
San Diego, CA 92101
Telephone: (619) 233-5945
Facsimile: (619) 525-7672

Attorneys for Plaintiffs, ROMULO A. RUIZ

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**01/15/2021** at 01:46:08 PM
Clerk of the Superior Court
By Taylor Crandall, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| ROMULO A. RUIZ, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> SCRIPPS HEALTH, a nonprofit public benefit corporation; SCRIPPS MERCY HOSPITAL, a nonprofit hospital; SCRIPPS MEMORIAL HOSPITAL LA JOLLA, a nonprofit hospital; SHARP HEALTHCARE, a nonprofit public benefit corporation; SHARP CHULA VISTA MEDICAL CENTER, a nonprofit public benefit corporation; MASSOUD H. SOUMEKH, M.D., an individual; JAMES S. GRISOLIA, M.D. an individual; EDWARD B. FRIEDMAN, M.D. an individual; VERNAN D. WHITE, M.D., an individual; JAMES E. CEVALLOS, M.D., an individual; NATALIE J. MEDINA, M.D., an individual; and DOES 1-50, Inclusive, <br><br> Defendants. | CASE NO. 37-2021-00002137-CU-MM-CTL <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Medical Negligence <br> 2. Negligence per se <br><br> **(Demand for Jury Trial)** |

---
1
COMPLAINT FOR DAMAGES

COMES NOW Plaintiff ROMULO A. RUIZ (hereafter "Plaintiff"), by and through his attorneys, to bring this Complaint for damages against the above-named defendants, and to demand a jury trial on all issues against each defendant, alleging on information and belief as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is and was at all relevant times mentioned herein an individual residing in the City of San Diego, County of San Diego, and State of California.

2. SCRIPPS HEALTH is a California nonprofit public benefit corporation organized to acquire, establish, maintain, manage and conduct nonprofit acute hospitals, including employees, contractors and other individuals who provide care and treatment to patients (hereinafter "Defendant SCRIPPS HEALTH".) Defendant SCRIPPS HEALTH is and was headquartered at 10140 Campus Point Drive, San Diego, CA 92121 and at all relevant times, oversaw its regional health care network of hospitals, affiliated physician groups, and a health plan.

3. SCRIPPS MERCY HOSPITAL is a nonprofit hospital that is licensed in the State of California (hereinafter, "SCRIPPS MERCY HOSPITAL").

4. SCRIPPS MEMORIAL HOSPITAL LA JOLLA is a nonprofit hospital that is licensed in the State of California (hereinafter, "SCRIPPS MEMORIAL HOSPITAL LA JOLLA").

5. Defendant SHARP HEALTHCARE is a California nonprofit public benefit corporation duly organized and operating under a license to do business in the State of California (hereinafter "Defendant SHARP HEALTHCARE".) Defendant SHARP HEALTHCARE is and was headquartered at 8695 Spectrum Center Boulevard, San Diego, CA 92123 and at all relevant times, oversaw its regional health care network of hospitals, affiliated physician groups, and a health plan.

6. SHARP CHULA VISTA MEDICAL CENTER is a California nonprofit public benefit corporation that is licensed in the State of California (hereinafter, "SHARP CHULA VISTA MEDICAL CENTER").

7. Defendant MASSOUD H. SOUMEKH, M.D., is and was at all relevant times mentioned herein an individual licensed to practice medicine in the State of California (hereinafter "Defendant DR. SOUMEKH").

8. Defendant JAMES S. GRISOLIA, M.D., is and was at all relevant times mentioned herein an individual licensed to practice medicine in the State of California (hereinafter "Defendant DR. GRISOLIA").

9. Defendant EDWARD B. FRIEDMAN, M.D., is and was at all relevant times mentioned herein an individual licensed to practice medicine in the State of California (hereinafter "Defendant DR. FRIEDMAN").

10. Defendant VERNAN D. WHITE, M.D., is and was at all relevant times mentioned herein an individual licensed to practice medicine in the State of California (hereinafter "Defendant DR. WHITE").

11. Defendant JAMES E. CEVALLOS, M.D., is and was at all relevant times mentioned herein an individual licensed to practice medicine in the State of California (hereinafter "Defendant DR. CEVALLOS").

12. Defendant NATALIE J. MEDINA, M.D., is and was at all relevant times mentioned herein an individual licensed to practice medicine in the State of California (hereinafter "Defendant DR. MEDINA").

13. Defendant SCRIPPS HEALTH, Defendant SCRIPPS MERCY HOSPITAL, Defendant SCRIPPS MEMORIAL HOSPITAL LA JOLLA, Defendant SHARP HEALTHCARE, Defendant SHARP CHULA VISTA MEDICAL CENTER, Defendant DR. SOUMEKH, Defendant DR. GRISOLIA, Defendant DR. FRIEDMAN. Defendant DR. WHITE, Defendant DR. CEVALLOS, and Defendant DR. MEDINA may hereinafter be collectively referred to as "Defendants".

14. The physicians and nursing staff who work for and/or are affiliated with Defendants are licensed to practice medicine in the State of California. At the time of the treatment at issue, Defendants' physicians and nursing staff were engaged in the practice of their profession in the County of San Diego, State of California.

15. Plaintiff is further informed and believes that at the time of the treatment at issue, Defendant physicians and/or nursing staff were each acting as an agent, servant, employee, assistant, and/or consultant of or otherwise practicing on behalf of such Defendants and were acting within the course and scope of their authority as agents, servants, employees, assistants, and/or consultants of such Defendants and with the permission and consent of such Defendants.

16. The true names and capacities of Defendants DOES 1-50, whether individual, corporate, partnership, associate, or otherwise, are unknown to Plaintiffs, who hereby sues said Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is legally responsible in some manner for the treatment and occurrences herein alleged, and that Plaintiff's injuries and damages were legally caused by their conduct. Plaintiff will amend this Complaint, if necessary, to show their true names and capacities upon ascertaining such information.

17. Plaintiff is informed and believes, and based thereon alleges, that one or more of Defendants were and are residents, domiciled, and/or authorized to do business and doing business in the County of San Diego, State of California.

18. At all times mentioned herein, Defendants, and each of them, were the agents, servants, employees, assistants, and/or consultants of each of their co-defendants, and in doing the things herein alleged, were acting within the course and scope of their authority as agents, servants, and/or employees, and with the permission and consent of their co-defendants, and each of them. Each and every Defendant, when acting as a principal, was negligent in the selection, retention, instruction, hiring and supervision of each and every other Defendant as an agent, servant, employee, assistant, and consultant.

19. Jurisdiction and venue are proper in this County and pursuant to California Code of Civil Procedure § 395(a) in that Defendants or some of them reside or do business in this County, and the injuries occurred in this County. The claims stated herein are within the jurisdiction of this Court and the damages sought based thereon are in excess of this Court's jurisdictional minimum.

20. On or about October 8, 2020 and November 4, 2020, Plaintiff duly served notice

upon all Defendants, pursuant to California Code of Civil Procedure § 364, of Plaintiffs' intention to file this legal action against them. Plaintiffs' earliest suspicion of any potential malpractice did not occur until on or after July 6, 2020.

## FIRST CAUSE OF ACTION

### Medical Negligence

### (Against All Defendants)

21. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

22. On or about September 12, 2019, Plaintiff was seriously injured in a motor vehicle vs. pedestrian accident negligently caused by Jose Jimenez when he suffered a seizure while driving and struck Plaintiff, a U.S. Postal Service Carrier who was standing behind his postal service mail truck at the time of the collision.

23. Plaintiff underwent multiple surgeries to his legs, which had been pinned between the vehicles at time of the accident.

24. Due to his injuries sustained in the September 12, 2019 accident, Plaintiff filed a complaint for damages against Jose Jimenez in an action titled Ruiz v. Jimenez, San Diego Superior Court Case No. 37-2019-00059052-CU-PO-CTL. During discovery therein, Mr. Jimenez disclosed the names of his treating medical providers and Plaintiff obtained copies of Mr. Jimenez's medical records, which confirmed he had been receiving medical treatment and medication for preexisting seizure disorder. Plaintiff files this action against Defendants in their role as Mr. Jimenez's medical providers for failure to advise Mr. Jimenez that it was inherently dangerous to him and to others, and further impermissible, for him to drive a motor vehicle as a result of the limitations created by his physical impairment, which could cause serious issues as to his awareness, consciousness, concentration and competency while driving and to take other proper, appropriate, necessary and/or legally required measures to restrict, prevent or preclude Mr. Jimenez from driving.

25. In performing the aforesaid care and treatment to Jose Jimenez, Defendants and each of them, negligently failed to possess and exercise that degree of knowledge and skill

ordinarily possessed and exercised by other medical professionals engaged in the same type of care and treatment in similar localities as Defendants.

26. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has sustained serious physical and emotional injuries, all of which have caused and will continue to cause him mental, physical and nervous pain and suffering, a loss of past and future earnings, loss of future earning capacity and past and future medical expenses, all to his damage in a sum within the jurisdiction of this Court and to be shown according to proof.

27. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has also been forced to employ other medical professionals to examine and provide remedial treatment related to the conditions caused by Defendants, and each of them, and to incur and to continue to incur expenses related to this ongoing remedial treatment. The exact amount of such present and future expenses is unknown to Plaintiffs at this time. Consequently, Plaintiff will seek leave of Court to amend this Complaint to show the reasonable value of such medical expenses as they become known.

28. As a further, direct and legal result of the negligent conduct of Defendants and each of them, has incurred a loss of past earnings and future earnings and possibly earnings capacity and has incurred incidental expenses, all in an amount yet not ascertained but according to proof at trial.

29. Plaintiff's earliest suspicion of any alleged malpractice did not occur until on or after July 6, 2020.

## SECOND CAUSE OF ACTION

### Negligence Per Se

### (Against All Defendants)

30. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

31. In performing and providing the aforesaid care and treatment to Jose Jimenez, Defendants knew or should have known of his physical conditions, illnesses and potential incapacities, impairments, limitations and the risks associated therewith. In failing to report the

6
COMPLAINT FOR DAMAGES

physical conditions, illnesses, and potential incapacities, impairments, limitations and impairments of Jose Jimenez to the California Department of Motor Vehicles, Defendants violated California Health and Safety Code Section 103900 et. seq. and other related and associated statutes and regulations.

32. Plaintiff Romulo A. Ruiz as a member of the public and user of the public thoroughfares, is a member of the class of individuals which California Health and Safety Code Section 103900 et. seq. and other related statutes and regulations are intended to protect.

33. As a direct and proximate result of Defendants violation of Health and Safety Code Section 103900 and other applicable codes, statutes and regulations associated therewith, Plaintiff Romulo A. Ruiz suffered, as detailed herein, the type of injuries that Health and Safety Code Section 103900 et. seq. and other applicable and associated codes, statutes and regulations were designed to prevent.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For general damages according to proof at trial;
2. For medical and related expenses according to proof at trial;
3. For loss of earnings, future loss of earnings and/or loss of earning capacity according to proof at trial;
4. For incidental expenses according to proof at trial;
5. For prejudgment interest, according to proof; and
6. For such other and further relief as the Court deems just and proper, together with costs of suit incurred herein.

///

///

DATED: January 15, 2021

NIELD LAW GROUP, APC

BY: _____
EDGAR R. NIELD,
GABRIELLE DE SANTIS NIELD,
DANIELLE A. KIELER,
Attorneys for Plaintiff, ROMULO RUIZ

COMPLAINT FOR DAMAGES