UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMULO A. RUIZ, an individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JORGE JIMENEZ, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 22cv00233-LL-WVG<br><br>**ORDER (1) GRANTING THE JOINT MOTION DISMISS AND (2) GRANTING-IN-PART THE JOINT MOTION REMAND**<br><br>**[ECF No. 7]** |

## I. INTRODUCTION

Plaintiff Romulo A. Ruiz brings this personal injury action against Defendants Scripps Health, a nonprofit public benefit corporation ("Scripps Health"); Scripps Mercy Hospital, a nonprofit hospital ("SMH"); Scripps Memorial Hospital La Jolla, a nonprofit hospital ("SMH LJ"); Sharp Healthcare, a nonprofit public benefit corporation ("Sharp"); Sharp Chula Vista Medical Center, a nonprofit public benefit corporation ("SCVMC"); Massoud H. Soumekh, M.D., an individual ("Dr. Soumekh"); James S. Grisolia, M.D., an individual ("Dr. Grisolia"); Edward B. Friedman, M.D., an individual ("Dr. Friedman"); Vernan D. White, M.D., an individual ("Dr. White"); James E. Cevallos, M.D., an individual ("Dr. Cevallos"); Natalie J. Medina, M.D., an individual ("Dr. Medina"); Jorge Jimenez, an individual ("Jimenez") (collectively, "Defendants"); and Does 1 through 100. ECF No. 1-3.

1

Before the Court are the Joint Motion of Plaintiff and the United States of America (the "United States") to (1) dismiss the United States, which was substituted for Dr. Cevallos, and (2) remand the case. ECF No. 7. After considering the papers submitted, supporting documentation, and applicable law, the Court (1) **GRANTS** the joint motion to dismiss the United States and (2) **GRANTS-IN-PART** the joint motion to remand.

## II. BACKGROUND

### A. Statement of Facts

On September 12, 2019, Plaintiff was standing at the rear of his parked United States Postal Service Mail Truck on the northbound side of Highland Avenue in National City, California. ECF No. 1-3 at 7,[1] ¶ 2. At the same time, Jimenez was driving a 2014 white Nissan Rogue northbound on Highland Avenue, drove out of his lane, hit Plaintiff, and pinned him to the rear of his mail truck (the "Accident"). *Id.* at 7, ¶¶ 1, 3. The force of the impact also caused Plaintiff's mail truck to collide with the vehicle parked in front of it. *Id.* As a result of Plaintiff's injuries, he underwent multiple surgeries to his legs, which had been pinned between the vehicles during the accident. *Id.* at 25, ¶ 22.

### B. Procedural History

On or about November 6, 2019, Plaintiff sued Jimenez and Does 1 through 100 for personal injuries arising from the Accident in a lawsuit styled as *Ruiz v. Jimenez*, San Diego Superior Court Case No. 37-2019-00059052-CU-PO-CTL (the "Personal Injury Action"). ECF No. 1-3 at 3-8. On March 20, 2020, Jimenez answered the complaint. *Id.* at 9. During discovery in the Personal Injury Action, Plaintiff obtained copies of Jimenez's medical records and discovered that he had been receiving medical treatment for a pre-existing seizure disorder. *Id.* at 25, ¶ 24.

On January 15, 2021, Plaintiff filed a second state court action against all Defendants other than Jimenez alleging causes of action for (1) medical negligence and (2) negligence *per se*, styled as *Ruiz v. Scripps Health, et al.*, San Diego Superior Court

---

[1] Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

Case No. 37-2021-00002137-CU-MM-CTL (the "Malpractice Action"). ECF No. 1-3 at 21. He alleged that it was inherently dangerous for the named defendants to fail to advise Jimenez that it was impermissible for him to drive a motor vehicle as a result of the limitations created by his condition. *Id.* at 25, ¶ 24.

On September 17, 2021, the Malpractice Action was consolidated with the Personal Injury Action, with the Personal Injury Action being designated as the lead case. ECF No. 1 at 1:26-28. On November 24, 2021, the Sharp Defendants filed a demurrer in the consolidated proceeding to the complaint, which was originally scheduled for March 4, 2022.[2] ECF No. 5 at 2; ECF No. 5-4 at 1. On February 22, 2022, before the hearing on the demurrer, the United States removed the case to this Court. ECF No. 1. That same day, the United States also filed a Notice of Substitution, substituting itself in for Dr. Cevallos, who was acting within the scope of his employment with Centro de Salud de la Comunidad San Ysidro, Inc. doing business as San Ysidro Health ("SYH"), which has been deemed to be an employee of the Public Health Service for purposes of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2672 (the "FTCA"). ECF No. 4 at 2, ¶ 2.

On February 28, 2022, Plaintiff and the United States jointly moved the Court to dismiss all claims against the United States *without prejudice*. ECF No. 7. Further, because the United States being named as a defendant served as the only basis for removing this case, the moving parties jointly move the Court to remand the case back to the San Diego Superior Court. ECF No. 7 at 1-2.

**III. DISCUSSION**

    **A.  Joint Motion to Dismiss**

Plaintiff and the United States seek dismissal of the United States as a party without specifying under which rule they seek dismissal. Rule 21 of the Federal Rules of Civil

---

[2] The Court takes judicial notice, *sua sponte*, of the San Diego Superior Court register of actions, which indicates the demurrer was continued on the state court's own motion to May 6, 2022. *See* Fed. R. Evid. 201(b)(1)-(2); *see also Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290, n.1 (9th Cir. 1996) (taking judicial notice of court records).

Procedure allows the court "[o]n motion or on its own, … at any time, on just terms" to "add or drop a party." Fed. R. Civ. P. 21. Although Plaintiff and the United States have not proceeded by noticed motion, they both seek dismissal of the United States without prejudice. Thus, the Court finds just terms to dismiss the United States from this case.

### B. Joint Motion to Remand

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, district courts are presumed to lack jurisdiction unless the Constitution or a statute expressly provides otherwise. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Where a plaintiff files in state court a civil action over which the district courts of the United States have original jurisdiction, the defendant may remove that case "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, removing a case does not deprive another party "of his right to move to remand the case." 28 U.S.C. § 1448. Courts strictly construe the removal statute against removal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "A motion to remand the case on the basis of any defect ***other than lack of subject matter jurisdiction*** must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (emphasis added). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case [must] be remanded." *Id.*

Plaintiff and the United States jointly moved to remand within thirty (30) days. Thus, the motion to remand is timely. However, district courts have two grounds to remand cases: (1) the lack of subject matter jurisdiction or (2) a defect in removal procedure. 28 U.S.C. § 1447(c). Thus, if the Court finds a defect in subject matter jurisdiction, the timing of removal is irrelevant. In this case, and according to the notice of removal, *see* ECF No. 1, the Court had subject matter jurisdiction over this proceeding because it arose under a law of the United States by implicating the FTCA. *See* U.S. Const. art. III, § 2, cl. 2. As such, remand appears appropriate given the only asserted

basis for removal has been destroyed with the dismissal of the United States, meaning the case no longer falls under the FTCA.

That being said, the Court acknowledges that the instant "Joint Motion" is not a true joint motion, [3] the other defendants in this case were not given the opportunity to oppose remand, and consent to remand is not a ground for remanding a case where federal jurisdiction exists. *See, e.g.*, *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951) ("The jurisdiction of the federal courts is carefully guarded against expansion by . . . consent of the parties."); *see also Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1137 (9th Cir. 2012) (providing that "a federal court must assure itself of its own jurisdiction to entertain a claim regardless of the parties' arguments or concessions"); *City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1005-06 n.6 (9th Cir. 2010) ("It is well established that subject matter jurisdiction cannot be expanded . . . 'by . . . consent of the parties.'"). Thus, having established federal jurisdiction over this case and not heard from the other defendants as to whether other grounds for federal jurisdiction may exist over this case, the Court **GRANTS-IN-PART** the request to remand. Any party objecting to the remand of this case must file an objection advancing all arguments against reman by Wednesday, **March 30, 2022**. If the Court receives any objections, the Court will rule on the objections. Provided the Court receives no objections to remand, the Court will

---

[3] The parties "indication that the present motion is brought as a 'joint' motion is somewhat misleading." *Harville v. Cty. Comm'n of Lawrence Cty., Alabama*, No. cv-08-C-0222-NE, 2008 WL 11379962, at *1 n. 3 (N.D. Ala. Nov. 19, 2008). "Typically, 'joint' motions are brought by *all* parties to a particular lawsuit and not, as here, by only the defendants." *Id.* Here, the Joint Motion is not brought by all parties. ECF No. 7. There is no declaration from the other parties' counsel stating under penalty of perjury that they agree with the motion. *See, e.g.*, *Daniel F. v. Blue Shield of Cal.*, 305 F.R.D. 115, 122-23 (N.D. Cal. 2014) (noting that "courts will "not consider any arguments based on factual assertions that are unsupported by evidence"); *see also* Fed. R. Civ. P. 43(c); CivLR 7.1(f)(1)-(3). Thus, even though "joint motions" require neither a hearing date for the motion nor a "a separate points and authorities or declaration unless required by the nature of the motion or requested by the assigned judicial officer," CivLR 7.2(b), it appears this motion needed to be filed as a regularly noticed motion.

remand this case.

**IV.    CONCLUSION**

For the above reasons, the Court **ORDERS** as follows:

1. The joint motion of Plaintiff and the United States to dismiss Plaintiff's claims against the United States, who substited in for Dr. Cevallos, is **GRANTED**.  Plaintiff's claims against the United States are dismissed in their entirety as to all claims without prejudice.

2. The joint motion of Plaintiff and the United States to remand this case is **GRANTED-IN-PART** as follows: Any party objecting to the remand of this case must file an objection advancing all arguments against reman by Wednesday, **March 30, 2022**. If no objection is received by that date, this case will be remanded to the San Diego Superior Court.

**IT IS SO ORDERED.**

DATED:    March 22, 2022

**HON. LINDA LOPEZ**
United States District Judge